**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **BRIAN DOYLE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **Case No.** |
| | : | **1:15-cv-00118-AT** |
| **U-HAUL INTERNATIONAL, INC.,** | : | |
| **U-HAUL CO. OF GEORGIA, INC.,** | : | |
| **JOHN BRICK, and CLAUDIA** | : | |
| **CAMPBELL,** | : | |
| | : | |
| **Defendants.** | | |

**MOTION TO INTERVENE FOR THE PURPOSE OF A**
**LIMITED LIFTING OF THE SEAL ON DOCKET**
**NOS. 52 AND 55 TO PERMIT THEM TO BE**
**OBTAINED BY PLAINTIFF HEREIN**
**AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW S. Gregory Hays, Chapter 7 Trustee and Plaintiff in *Hays v. UHaul International, Inc.; UHaul of Georgia, Inc.; and John Brick*, USDC, NDGa, Atlanta Division, and moves for permission to intervene in this case, for the sole and limited purpose of seeking access to sealed documents, at Dockets Nos. 52 and 55, which the undersigned believes may have information relevant to the above-referenced matter in which Mr. Hays is Plaintiff.   As grounds in support, the Hays Plaintiff states as follows:

## <u>INTRODUCTION AND STATEMENT OF FACTS</u>

This matter – as well as the *Hays* matter – are presently in discovery on the limited question of whether there exist binding arbitration agreements between the Defendants and the Plaintiffs in the two pending cases.   In both cases, the Plaintiffs allege that the manager filled out electronic new hire paperwork and, in both cases, the Defendants claim that it was the Plaintiffs themselves who did so.   As the Court herein is aware, there have been allegations made of efforts by Defendants to bribe and/or intimidate witnesses in this case to influence their testimony on the issue which is pending in both cases:   Whether the manager on duty filled out and executed electronic forms, including an arbitration agreement, or whether those documents were completed by the employee.

Evidence that Defendants have sought to unlawfully influence testimony in this case on the precise issue currently pending in the *Hays* matter is evidence which is at least potentially relevant to show bias on the part of the witnesses in the *Hays* matter.   Plaintiff therefore asks to be permitted to review such evidence as has been submitted on that issue in the present proceeding, including what appear to be audio recordings supporting that contention.

## **MEMORANDUM OF LAW**

The Eleventh Circuit Court of Appeals has held that the public has a common law right of access to discovery materials – including deposition transcripts – filed with the Court for use in a civil action. See *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355 (11th Cir. 1987) ("Thus, while appellants may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions duly filed appellants' common-law right of access does not extend to information collected through discovery which is not a matter of public record.") (quotation and citation omitted) (emphasis in original).

The legal standard for sealing and unsealing confidential records was addressed extensively by the Eleventh Circuit Court of Appeals in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam) (the public's right to access judicial proceedings is "an essential component of our system of justice" that is "instrumental in securing the integrity of the process."). This common-law right of access "establish[es] a general presumption that criminal and civil actions should be conducted publicly" and "includes the right to inspect and copy public records and documents." Id. (Emphasis

added.) See also *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (opining that "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record...the court file must remain accessible to the public," vacating district court's protective order sealing record).

Further, permitting Plaintiff Hays to avoid repetitive discovery is a sufficient basis to modify a Protective Order. See *Wilson v. American Motors Corporation*, 759 F.2d 1568 (11th Cir. 1985); *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Sun Belt Veterinary Supply, Inc. v. International Business Systems, United States, Inc.*, 200 F.R.D. 463 (M.D. Ala. 2001). Filing a motion for limited intervention under Rule 24(b) Fed. R. Civ. P., is the proper procedure for a third party to obtain such modification. (See discussion below).

In *Brown v. Advantage Engineering, Inc.*, the plaintiffs in a civil case moved for permissive intervention for the purpose of unsealing the record in a previous

4

unrelated case brought against defendant by another party.   The District Court

denied the motion, but the Eleventh Circuit reversed.   The Eleventh Circuit pointed

out that the Court had "squarely addressed the central issue" presented in *Brown*, in

the case of *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985), *supra*.

In *Brown*, the record was sealed before trial, whereas in *Wilson*, a record had been

sealed after a jury verdict.

The Eleventh Circuit in *Brown* reviewed the holding in *Wilson*, to the effect

that when "the court attempts to deny access in order to inhibit the disclosure of

sensitive information, it must be shown that the denial is *necessitated by a

compelling governmental interest, and is narrowly tailored to that interest*."

(italics in <u>Brown</u>).   960 F.2d at 1015-16.   See also   New York Times v. Sullivan,

376 U.S. 254, 305, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) ("[S]unlight is the most

powerful of disinfectants.") (Goldberg, J., concurring and quoting Justice Brandeis).

*United Nuclear Corp. v. Cranford Insurance Co., et al.*, 905 F.2d 1424 (10th

Cir. 1990) is on point.   The District Court had permitted an insured that had initiated

a similar suit to intervene for the sole purpose of gaining access to discovery

materials — exactly the factual circumstance involved here.   *United Nuclear Corp.*

observes:   "The courts have widely recognized that the correct procedure for a non-

party to challenge a protective order is through intervention for that purpose." Id. at 1427.    *United Nuclear* recognizes that when a collateral litigant seeks permission to intervene solely to gain access to discovery materials that are subject to a protective order, there is no particularly strong nexus of fact or law which need exist between the two suits.    Id. at 1427.

The Tenth Circuit recognized that "[w]hen a party seeks access to discovery produced under a protective order, there is a countervailing efficiency consideration — saving time and effort in the collateral case by avoiding duplicative discovery." Id. at 1428.    The Tenth Circuit agreed with the standard laid down by the Seventh Circuit in a case called *Wilk v. American Medical Association*, 635 F.2d 1295 (7th Cir. 1980).    In *Wilk* (as adopted in *United Nuclear Corp.*), the Court stated:

> Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.    Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of a protective order.

Id. at 1428, quoting 635 F.2d at 1299.    The Court aptly observed:    "Defendants' desire to make it more burdensome for Interveners to pursue their collateral litigation is not legitimate prejudice." Id. at 1428.

The Parties herein cannot show prejudice, and allowing Hays access to materials produced to the Court in support of pending motions will permit Hays to obtain such information without engaging in duplicative and time consuming discovery.

## CONCLUSION

The *Hays* Plaintiff respectfully requests that the Court grant his Motion to Intervene for a Limited Purpose and direct the Clerk to provide access to the materials in question to counsel for *Hays*.

This 31st day of August, 2015.

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Orr, Brown and Billips, LLP
One Atlanta Plaza
950 East Paces Ferry Rd., Suite 2110
Atlanta, GA 30326
(770) 534-1980 t
(770) 536-5910 f
mbillips@orrbrownandbillips.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **BRIAN DOYLE,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **vs.** | **:** | **Case No.** |
| | **:** | **1:15-cv-00118-AT** |
| **U-HAUL INTERNATIONAL, INC.,** | **:** | |
| **U-HAUL CO. OF GEORGIA, INC.,** | **:** | |
| **JOHN BRICK, and CLAUDIA** | **:** | |
| **CAMPBELL,** | **:** | |
| | **:** | |
| **Defendants.** | | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this 31st day of August, 2015, served Motion To Intervene For Purpose Of A Limited Lifting Of The Seal On Docket Nos. 52 And 55 To Permit Them To Be Obtained By Plaintiff Herein And Memorandum Of Law In Support, typed in Times New Roman 14 pt. font, on counsel for the parties in the above-styled matter by filing this Motion using the Court's ECF filing system, which will automatically send notice to all counsel of record.

8

This day, August 31, 2015.

*/s/ Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
One Atlanta Plaza
950 East Paces Ferry Rd., Suite 2110
Atlanta, GA 30326
(770) 534-1980 t
(770) 536-5910 f
mbillips@orrbrownandbillips.com


ATTORNEY FOR PLAINTIFF
