IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN DOYLE,<br><br>　　Plaintiff<br><br>　v.<br><br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF GEORGIA,<br>JOHN BRICK and CLAUDIA<br>CAMPBELL,<br><br>　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-00118-AT-WEJ |

## ORDER

This matter is before the Court on Defendant U-Haul International, Inc's ("UHI") unopposed Motion for Sanctions Under Federal Rule of Civil Procedure 11 [264]. For the reasons explained below, said Motion is **GRANTED**.

**I.　UHI's MOTION**

Plaintiff filed the Complaint [1-1] in the State Court of Fulton County, Georgia on December 10, 2014, alleging that he had been subjected to sexual harassment, retaliation, and general harassment based on his sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and 42 U.S.C.

§ 1981.  Plaintiff also alleged that defendants breached an employment contract with him and committed various state law torts.  Attorney Michael R. Johnson, Sr. signed the Complaint on behalf of plaintiff Doyle.  Defendants removed the case to this Court on January 14, 2015 [1].[1]

Plaintiff alleged that UHI knew of certain misconduct engaged in by defendants Claudia Campbell and John Brick and failed to take action to correct such misconduct.  Plaintiff further claimed that UHI employed him, and that Mr. Brick and Ms. Campbell reported to UHI.  Accordingly, plaintiff claimed that UHI is liable to him for various violations of his civil rights (i.e., discrimination, harassment, and/or retaliation) and for breach of contract.  (UHI's Mem. [264-1] 1-2.)

---

[1] Rule 11 does not apply to pleadings filed before removal, such as the Complaint here.  See Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1091 (11th Cir. 1994).  The Rule, however, is applicable to papers filed in federal court after removal.  Fed. R. Civ. P. 81(c).  "[A]ny subsequent federal court filings, such as those in opposition to a motion to dismiss, are sanctionable if they resulted in the continuation of a baseless lawsuit."  McGreal, 26 F.3d at 1091.  Plaintiff sought to amend the Complaint here by dropping certain claims [208].  This Motion was signed both by Mr. Johnson and attorney Eleazer Robert Carter (who was admitted pro hac vice on March 9, 2016 [102]).  This Motion in effect reaffirmed the claims plaintiff alleged against UHI and resulted in the continuation of a  frivolous lawsuit.

However, UHI contends that there is no record evidence to suggest that it was aware of any alleged discriminatory behavior; that UHI employed plaintiff, Mr. Brick, or Ms. Campbell; or that an employment agreement existed between plaintiff and UHI. In fact, UHI shows that, during his deposition, plaintiff admitted that his employer was U-Haul Co. of Georgia ("UHG"), not UHI. (See UHI's Mem. 2 (citing Doyle Dep. 540:25-541:5).) Plaintiff further admitted that he had no written contract of employment with UHI. (Id. (citing Doyle Dep. 513:13-22).) Despite plaintiff's full knowledge that he was not employed by UHI, defendant asserts that plaintiff filed this action and continues to pursue his claims against UHI even after the discovery process made it abundantly clear that UHI did not employ him, Mr. Brick, or Ms Campbell and that UHI has no liability in this action. (Id. at 2-3.) Although plaintiff's counsel represented to UHI's counsel that his client would oppose UHI's Motion for Summary Judgment [255],[2] no response has been filed. Plaintiff also has not filed any opposition to the instant Motion for Sanctions.

---

[2] Concurrently herewith, the undersigned has issued a Report and Recommendation which recommends that UHI's unopposed Motion for Summary Judgment be granted.

UHI contends that this Court should impose Rule 11 sanctions because the claims alleged in the Compliant are frivolous. (UHI's Mem. 4.) At the time he filed the Complaint, plaintiff had no evidentiary support, nor could he have reasonably believed, that UHI employed him. Further, plaintiff had no reasonable factual basis for his claims that UHI was liable for the acts of Mr. Brick or Ms. Campbell, or that it employed either of those defendants. Moreover, despite months of discovery and depositions, plaintiff and his attorneys have failed to discover any evidence establishing that UHI employed plaintiff, Mr. Brick, or Ms. Campbell, or that UHI was aware of any alleged discriminatory conduct. Yet, plaintiff and his attorneys have persisted in their claims and continue to file frivolous motions and responses to proper motions by UHI to injure and harass UHI. (Id. at 4-5.)

## II.   ANALYSIS

### A.   UHI's Compliance with Rule 11(c)(2)

Federal Rule of Civil Procedure 11(c) states that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). "Stated otherwise, Rule 11 'requires the moving party to serve the motion for sanctions on opposing counsel at least

4

twenty-one days prior to filing it with the court.'" FDIC v. David Appraisals, Inc., No. 6:11-CV-220-ORL-19GJK, 2012 WL 252835, at *3 (M.D. Fla. Jan. 26, 2012) (quoting In re Miller, 414 F. App'x 214, 216 (11th Cir. 2011) (per curiam)). This so-called "safe harbor" provision provides opposing counsel twenty-one days to correct the alleged Rule 11 violation without being subject to sanctions. Peer v. Lewis, 606 F.3d 1306, 1315 (11th Cir. 2010). After the expiration of twenty-one days, if corrective action is not taken, the party seeking sanctions may file the motion, describing the specific conduct that allegedly violated Rule 11(b). See Fed. R. Civ. P. 11(c)(2). UHI complied with Federal Rule of Civil Procedure 11(c)(2) before filing the instant Motion. (See Galanek Decl. [264-2] ¶ 3 & Ex. A.) Plaintiff did not withdraw his claims against UHI.

### B. Plaintiff Violated Rule 11(b)

UHI asks the Court to impose sanctions on plaintiff and his attorneys under Federal Rule of Civil Procedure 11, which provides in relevant part as follows:

> **Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**
>
> (a) **Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented. . . .

5

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed. R. Civ. P. 11(a), (b)(1)-(3).

Rule 11 thus prohibits three types of conduct: (1) filing a pleading that has no reasonable factual basis; (2) filing a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change the law; and (3) filing a pleading in bad faith or for an improper purpose.  Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991).

> In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous– in view of the facts or law–and then, if they are, whether the person who signed the pleadings should have been aware that they were

> frivolous; that is, whether he would have been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the prefiling inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law. The reasonableness of the inquiry may also depend on the extent to which factual development requires discovery.

Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995) (citations omitted).[1]

Under the objective standard, "[a]lthough sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (footnote omitted). However, a

---

[1] "Due process requires notice and an opportunity to respond if Rule 11 sanctions are imposed." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam). However, due process requires only that the sanctionee have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing. A hearing is not required before sanctions are imposed. Donaldson v. Clark, 819 F.2d 1551, 1559-60 (11th Cir. 1987). Here, plaintiff and his counsel were served with the Motion for Sanctions, but chose not to file a response.

"plaintiff is subject to monetary sanctions if the plaintiff misrepresented the facts alleged in the complaint." Ledford v. Peeples, 605 F.3d 871, 930 (11th Cir. 2010).

"Rule 11's text clearly permits sanctions only if the objectionable court paper is 'signed in violation of this rule.'" Souran v. Travelers Ins. Co., 982 F.2d 1497, 1507 (11th Cir. 1993) (quoting then-existing Rule 11). Accordingly, the Court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney at the time of filing. Id. at 1508. "'The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'" Id. at 1507 n.12 (quoting Fed. R. Civ. P. 11, Advisory Committee Note).

UHI contends that the pleadings, written motions, and other papers signed by plaintiff's counsel here violate two of the three types of conduct the Eleventh Circuit says Rule 11 was designed to prohibit: (1) they had no reasonable factual basis; (2) they were filed in bad faith or for an improper purpose, Pelletier, 921 F.2d at 1514.

The civil rights and breach of contract claims alleged in the Complaint violated Rule 11(b)(2). Indeed, the complete lack of merit of those two claims was seen when plaintiff (1) testified that UHI did not employ him and that he had

8

no employment contract with UHI, and (2) failed to respond to UHI's Motion for Summary Judgment.  Thus, these claims were objectively frivolous.  See Jones, 49 F.3d at 695.

This Court must then determine whether the attorneys who signed the pleading (i.e., Messrs. Carter and Johnson) should have been aware that the claims were frivolous; that is, whether they would have been aware had they made a reasonable inquiry.  If the attorney failed to make a reasonable inquiry, then the Court must impose sanctions despite the attorney's good faith belief that the claims were sound.  See Jones, 49 F.3d at 695.

Since plaintiff did not respond to the Motion for Sanctions, the Court does not know what inquiry his counsel made before asserting these frivolous civil rights and breach of contract claims.  As stated in Jones, the reasonableness of the pre-filing inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law.  The reasonableness of the inquiry may also depend on the extent to which factual development requires discovery.  See Jones, 49 F.3d at 695.

It is obvious that counsel made no reasonable pre-filing inquiry of their client because, if they had, they would have heard the same thing that Mr. Doyle

9

said at his deposition—which is that he did not work for UHI, that he worked for UHG, and that he had no contract of employment with UHI. Thus, there was no basis for the Title VII, Section 1981, or breach of contract claims against UHI. Plaintiff's counsel would have been aware that these claims were frivolous had they conducted only a small amount of factual inquiry and conducted a minimum of legal research.

Even if plaintiff's counsel could argue that sanctions should not be imposed because they relied on their client for the facts alleged in the Complaint and its subsequent amendment through the Motion to Amend [208], Rule 11 covers more than just the filing of the initial pleading. See Fed. R. Civ. P. 11(b) (Rule 11 violated "[b]y presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it") (emphasis added). For example, in Brubaker v. City of Richmond, 943 F.2d 1363 (4th Cir. 1991), the court imposed sanctions for filing a response to a motion for summary judgment because Rule 11 "'applies to every paper signed during the course of the proceedings and not only to the pleadings.'" Id. at 1382 (quoting Oliveri v. Thompson, 803 F.2d 1265, 1274 (2d Cir. 1986)); see also W. Md. Wireless Connection v. Zini, 601 F. Supp. 2d 634, 645 (D. Md. 2009) (attorney sanctioned under Rule 11(b)(2) for authoring opposition to summary judgment

which advocated and reaffirmed frivolous claims made in pro se complaint); D'Aquino v. Citicorp/Diner's Club, Inc., 139 F.R.D. 357, 361 (N.D. Ill. 1991) (response to summary judgment motion subject to Rule 11).  Under the terms of Rule 11 and cases applying it, plaintiff's counsel was also subject to sanctions when they interposed other frivolous motions in this case—motions which were obviously filed in bad faith or for an improper purpose.[3]

---

[3] This Court's Order [246] of January 18, 2017 stated that plaintiff's counsel had "been very active in filing meritless motions, many of which contain false and scurrilous allegations against opposing counsel and the Court." (Id. at 5-6.)  In a footnote following that sentence, the undersigned wrote as follows:

> For example, plaintiff (1) falsely accused one of defendants' attorneys of bribing a witness; (2) falsely accused one of defendants' attorneys of suppressing witness testimony; and (3) falsely accused the Court of ex parte communications with defendants' counsel. This pattern of making baseless accusations continues in the instant Motion, wherein plaintiff claims that defendants' counsel lied to the Court by claiming that they had not shared a transcript of his deposition testimony with counsel in an Alabama case. (Pl.'s Mot. 2.)  As is clear from the CM/ECF markings on that transcript [241-1], the Alabama attorneys obtained the transcript from PACER, not from defendants' counsel.  Attorneys are officers of the Court. However, plaintiff's attorneys ignore that solemn obligation by repeatedly making demonstrably false accusations. . . . .

Id. at 6 n.1.

11

Finally, plaintiff's counsel were in attendance at his deposition. They heard him admit that there was no factual basis for his claims against UHI. At that point, even if their pre-suit investigation was inadequate or their client had lied to them, they learned the truth at the deposition and should have dismissed UHI from this case. Instead, they represented that they were going to oppose UHI's upcoming Motion for Summary Judgment (but they eventually did not do). See Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1024 n.18 (5th Cir. 1994) ("[I]f facts are discovered that show that there is no longer a good faith basis for a position taken by a party, a pleading, motion, or other paper signed after those facts come to light reaffirming that position can be the basis of a violation of the rule."); Nance v. Ricoh Elecs., Inc., No. 1:06-CV-2396-RWS, 2008 WL 4767746, at *2 (N.D. Ga. Oct. 27, 2008) (Rule 11 sanctions imposed where plaintiff and his counsel, inter alia, ignored undisputed facts in pursuit of frivolous claims).

Given this violation of Rule 11(b) by plaintiff's counsel, the Court must now decide (1) whether to impose sanctions on plaintiff, his counsel, or both; and (2) the nature of the sanction. The place to find an answer to these questions is Rule 11 itself, which provides in relevant part as follows:

> (c) **Sanctions.**
>
> > (1) **In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .
> >
> > . . .
> >
> > (4) **Nature of a Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(1), (4).

Typically, sanctions under Rule 11 are imposed on the attorney. Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001).[4] This is because the Rule is

---

[4] Sanctions are appropriate against a non-signatory client when he misrepresents facts in a pleading or is the "mastermind" behind a frivolous case. Byrne, 261 F.3d at 1117-18. Given the lack of a response, the Court has no way of knowing if Mr. Doyle misrepresented facts to his attorneys. In any event, the undersigned has already imposed sanctions on Mr. Doyle and his attorneys jointly and severally for discovery abuse. Thus, the undersigned will not sanction Mr. Doyle personally for a Rule 11 violation. For reasons discussed in the text infra,

directed at the person who signed the pleading, motion, or other paper. When a party is represented, the signer is the lawyer. As established above, Mr. Johnson signed a Complaint, and Mr. Johnson and Mr. Carter signed a Motion to Amend [208] which adopted the frivolous Complaint, and they both signed numerous Motions making scandalous assertions. (See supra note 3.) Moreover, both counsel continued to assert their client's frivolous claims by refusing to dismiss UHI when given the opportunity to do so, putting UHI to the expense of filing a Motion for Summary Judgment, and then not responding to it. Plaintiff's counsel had the opportunity to end litigation of these meritless claims, but elected not to do so. At this late stage in the case, Messrs. Carter and Johnson had full knowledge of the relevant facts and the ability to read and understand the governing law that doomed their client's claims. Their decision to continue a lawsuit that should have ended requires imposition of a sanction on plaintiff's counsel as the "attorney[s] . . . that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

---

the persons responsible for the continuation of this case are plaintiff's attorneys. Finally, given that the undersigned has recommended that UHI's unopposed Motion for Summary Judgment be granted, the Court anticipates that UHI will seek its attorneys' fees and costs from plaintiff under Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 420-21 (1978) in a post-judgment motion.

Under Rule 11(c)(4), this Court must impose a sanction that "deters repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11, advisory committee's note to 1993 amendment; see also Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (noting that Rule 11 sanctions are designed to discourage dilatory or abusive tactics and streamline litigation process by lessening frivolous claims). A court is required to "explain why the amount of sanctions that it awards will deter unreasonable conduct" and "may take into account compensation of other parties and punishment of the offender, but deterrence remains the touchstone of the Rule 11 inquiry." Baker, 158 F.3d at 528.

Although UHI has incurred attorneys' fees, courts do not necessarily impose fees against counsel for violating Rule 11. Fox v. Acadia State Bank, 937 F.2d 1566, 1571 (11th Cir. 1991) (per curiam) ("Rule 11 does not create an absolute entitlement to even reasonable attorney's fees if the court determines that the rule's central goal of deterrence may be achieved by a lesser sanction."). In order to deter repetition of the conduct or comparable conduct by others similarly situated, the first options listed in the Rule are "nonmonetary directives" or "an order to pay a penalty into court." Fed. R. Civ. P. 11(c)(4). An order directing payment to the movant of part or all of the reasonable attorneys' fees and other

15

expenses directly resulting from the violation should be entered only if the Court finds that fees are "warranted for effective deterrence." Id.; see also Donaldson, 819 F.2d at 1557 ("Although the sanctions most commonly imposed are costs and attorneys' fees, the selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion.").

Given the conduct of Messrs. Carter and Johnson in this matter, a non-monetary sanction is warranted. An order for counsel to pay UHI's attorneys' fees is not warranted for effective deterrence. Moreover, attorneys' fees and costs have already been imposed on counsel and their client for discovery abuses in an Order entered concurrently herewith. Nevertheless, it is apparent that, given the frivolous claims made here, these attorneys are not sufficiently knowledgeable of the law governing employment discrimination and breach of contract claims. They also lack professionalism, as exhibited by the outrageous assertions they repeatedly made in this case about opposing counsel and the Court.

Therefore, to educate plaintiff's counsel on both employment law and professionalism, and to prevent future recurrence of the serious problems that occurred here, Mr. Carter and Mr. Johnson are each **DIRECTED** to attend two continuing legal education ("CLE") seminars, of at least six hours each, which are sponsored by, or which have been approved by, the State Bar of Georgia. One

must be in employment discrimination litigation and the other must be in ethics and professionalism. Messrs. Johnson and Carter must attend these CLE seminars during 2017 and file a certification of their attendance with the Clerk within fourteen days of their attendance at each seminar. That certification should include the title of the seminar and a copy of the program agenda.

### III. CONCLUSION

For the reasons outlined above, Defendant U-Haul International, Inc's Motion for Sanctions Under Federal Rule of Civil Procedure 11 [264] is **GRANTED** on the terms stated herein.

The Clerk is **DIRECTED** to monitor the docket and to notify the undersigned if plaintiff's counsel have failed to comply with this Order by December 31, 2017.

**SO ORDERED**, this 29th day of March, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE